IN RE ESTATE OF ASA B. BROWN.

*Guardianship for incompetents.*

Comp. L. § 4822 permits the relations or friends "of any person who, by reason of extreme old age or other cause, is mentally incompetent to have the charge" of his property, to apply to the judge of probate and have a guardian appointed for him.   Section 4825 provides that when any person by excessive drinking so wastes his estate as to expose himself or his family to danger of want, or the county to expense for their support, the county superintendent of the poor, or a township poor director or justice of the peace may complain to the judge of probate and have a guardian appointed for him.   *Held* (1),

that a petition setting forth that "said A. B. is incompetent to have the care, charge and management of his property. He is old and infirm "—is insufficient, as it does not necessarily allege mental incompetency; (2) that the additional allegation that he is so addicted to the excessive use of intoxicating drinks as to be liable to become the victim of designing persons, and that through intoxication and foolish speculation he has within fifteen years wasted more than half of a considerable estate, would be proper in a petition for the appointment of a guardian for a spendthrift as provided for in Comp. L. § 4825, but is surplusage in a petition based on mental incompetency.

Error to Kalamazoo. Submitted Jan. 4. Decided Jan. 19.

Appeal from an adjudication of incompetency. Petitioners bring error. Affirmed.

*W. G. Howard,* for the petitioners.

*Dallas Boudeman,* for the appellant.

Cooley, J. There are two distinct and very dissimilar statutory provisions for the appointment of guardians for persons not minors who are found to be incompetent to manage their estates properly.

The first entitles the relations or friends " of any insane person, or of any person who, by reason of extreme old age or other cause, is mentally incompetent to have the charge and management of his property," to apply to the judge of probate and have a guardian appointed for him. Comp. L., § 4822.

The second is, that " when any person, by excessive drinking, or by gaming, idleness or debauchery of any kind, shall so spend, waste or lessen his estate, as to expose himself or his family to danger of want or suffering, or the county to charge or expense for the support of himself or his family, any superintendent of the poor of the county, or director of the poor, or justice of the peace of the township of which such spendthrift is an inhabitant, or in which he resides, may present a complaint to the judge of probate, setting forth the facts and circumstances of the case, and praying to have a guardian appointed for him." Comp. L., § 4825.

The petition in the present case was meant to comply with the first of these provisions. It sets forth that "said Asa B. Brown is incompetent to have the care, charge and management of his property. He is old and infirm." . It then proceeds to allege that he is so addicted to the excessive use of intoxicating drinks as to be liable to become the victim of designing persons, and that through intoxication and foolish speculation he has within fifteen years wasted more than half of a considerable estate. These last allegations would have been proper in a petition filed under the second provision above recited, but are mere surplusage under the first.

Issue was taken upon the petition in the probate court, and a guardian was appointed. Appeal being then taken to the circuit court and the case called for hearing, the court, on objection from the respondent, refused to receive any evidence for the reason that the petition was believed to be fatally defective. The petitioners bring the case up on exceptions.

The ruling was correct. The incompetency set out in the petition is not necessarily mental incompetency. Age and infirmity are not inconsistent with vigor of intellect; and, therefore, the averment that respondent is old and infirm cannot stand as a substitute for a direct averment of mental incompetency. The other averments in the petition tend to prove the respondent to be a spendthrift; but a guardian for a spendthrift, as already stated, is not appointed under the statutory provision here invoked.

The defect in the petition is not formal, but goes to its very substance. The statute contemplates the existence of insanity or of mental infirmity that is equivalent in destroying mental competency. It is consistent with everything alleged that the mind may have been sound and vigorous.

The order must be affirmed, with costs.

The other Justices concurred.