In the matter of the Estate of Levi Gragg, deceased.

May 31, 1884.

Probate Court—Power to vacate Judgments.—A probate court may vacate its order or judgment procured by fraud, misrepresentation, or through surprise, or excusable inadvertence, or neglect.

Facts *held* to justify the exercise of this power.

Levi Gragg (whose residence is not disclosed by the record) died intestate in 1868, seized in fee of real estate in Dakota county, and leaving a widow and several children. No administration was applied for until, in the latter part of 1879, the appellants Spaulding and Marfield applied, as creditors, to the probate court of that county, for the appointment of an administrator. Notice of the application was given by publication only, and the attorney of the applicants was appointed administrator. Thereupon an order was made and published fixing March 18, 1880, for the hearing of claims against the estate, and Spaulding and Marfield presented claims, which were allowed without contest, September 6, 1880. The heirs of the decedent (some of whom were still minors) were residents of New York and Missouri, nor had they or their attorneys any knowledge or actual notice of any of these proceedings until late in December, 1880, when they learned of an application by the administrator to sell real estate to pay these claims. In January, 1881, they applied for and obtained a postponement of the hearing on this application until March 15, 1881, and on March 9, 1881, they applied to the probate court for the vacation of the order allowing the claims in question, on the ground that they were largely if not wholly fictitious and fraudulent, and had been fully paid, and that their allowance had been obtained *ex parte*, without proper evidence, and by collusion between the administrator and the claimants, all of whom well knew the names and residences of the heirs-at-law, and of their attorneys in St. Paul, who since August 6, 1879, had been conducting a suit for them in the district court for Dakota county, to recover the same real estate, as the claimants and administrator well knew.

The probate court, after notice and hearing, denied the application,

on the ground of want of power to vacate the order allowing the claims. On appeal to the district court for Dakota county, the order of the probate court was reversed by *Crosby*, J., and an order made vacating the order allowing the claims.

From this order of the district court Spaulding and Marfield appeal.

*Geo. N. Baxter*, for appellants.

*Williams & Goodenow*, for respondents.

GILFILLAN, C. J.[1] This is an appeal from an order of the district court, reversing, on appeal, an order of the probate court, refusing to vacate its previous order allowing certain claims against the estate of Levi Gragg, deceased. The probate court appears to have refused to vacate the order, not upon the merits of the application, but upon the proposition that it had no power to vacate it. Whatever doubt might previously have existed as to the probate court having the power to vacate, in certain cases, its judgment or order, was removed by the sixth subdivision of Gen. St. 1878, *c*. 49, § 13, which provides for an appeal from "an order vacating or refusing to vacate a previous order or judgment made or rendered, alleged to have been procured by fraud, misrepresentation, or through surprise, or excusable inadvertence or neglect." This subdivision was not in force when the case in *State* v. *Probate Court of Ramsey Co.*, 19 Minn. 85, (117,) arose.

On the merits of the application the district court was clearly right. The heirs of Gragg, in whose behalf the application to vacate was made, resided out of the state, and had no actual notice of the administration, and this would excuse their neglect to appear and oppose the claims. The claims were very stale, the larger being over 30 years old and the other over 20. They were allowed without any contest or objection on the part of the administrator, who appears to have been attorney for one, at least, of the claimants, and without any attempt, so far as appears, by him to communicate with the heirs, and ascertain whether they disputed the claims. There is strong ground to charge collusion between the administrator and the claimants. The heirs ought to have an opportunity to contest the claims.

Order affirmed.

[1] Dickinson, J., because of illness, took no part in this decision.