IN THE MATTER OF APPLICATION TO APPOINT A SPECIAL GUARDIAN FOR GEORGE R. BASSETT, AN ALLEGED INCOMPETENT PERSON.

*Mentally incompetent person—Appointment of guardian—Petition —Order of probate court—Special guardian.*

1. A petition under How. Stat. § 6314, for the appointment of a guardian for an alleged incompetent person, must contain a statement of facts authorizing the appointment, and must show upon its face that it is made by some one of the persons named in the statute, and also inform the court *who* will be affected by such appointment, which will manifestly include the presumptive heirs at law and distributees.

2. A petition which states that it is necessary that a guardian of the person and estate of the alleged incompetent person be appointed, because he is mentally incompetent to have the care and management of his property, raises an issue to be determined by the probate judge, and is not open to the objections discussed *In re Brown*, 45 Mich. 326, and *In re Storick*, 64 Id. 685.

3. An order by a judge of probate appointing a guardian for an incompetent person must cover both the *person* and *estate* of the ward.

4. A decree by the probate court adjudging an alleged incompetent person to be mentally incompetent to take care of himself and manage his property is essential, and such adjudication should appear of record. *North v. Joslin*, 59 Mich. 625 (head-note 6).

5. The proceeding to appoint a *special* guardian for an incompetent person is purely ancilliary to the appointment of a *general* guardian, and if the *latter* appointment is illegal the *other* falls with it.

Certiorari to review proceedings of probate court of Kalamazoo county in appointing a special guardian for an alleged incompetent person. Argued June 8, 1887. Order of probate judge reversed January 26, 1888. The facts are stated in the opinion.

*Hampden Kelsey, Dallas Boudeman,* and *Frank E. Knappen,* for petitioner.

*Howard & Roos* and *E. M. Irish,* for respondent.

PER CURIAM. We granted a writ of *certiorari* to bring up the record in the probate court for the county of Kalamazoo, in the matter of the proceedings of the judge of probate of that county in appointing a special guardian of George R. Bassett, an alleged incompetent person.

The probate judge has made return to the writ, from which it appears that on the ninth day of February, A. D. 1887, one Louisa S. Bassett applied by petition to said judge, asking that a general guardian be appointed of the person and estate of George R. Bassett. She represented that she is an aunt of said George R. Bassett; that he is of the age of 21 years or thereabouts, and is an inhabitant or resident in the county of Kalamazoo, and is possessed of real estate situate in said county and elsewhere of the estimated value of $50,-000 or thereabouts, as petitioner is informed and verily believes. She further, in her petition, represented that it is necessary that a guardian of the person and estate of the said George R. Bassett be appointed, for the following reason,

viz.: That said George R. Bassett is mentally incompetent to have the care and management of his said property; that he has been, from boyhood up, of feeble health, and that his mental condition has never been normal; that he came of age on the thirteenth day of October last, and that since said time he has steadily squandered his property and wasted his estate, and that he is continually wasting the same, and is a person of feeble mind at the present time.

The petition does not state the names of the nearest of kin, or other persons interested in said estate, who would be heirs in case of the intestacy of said George R. Bassett.

The judge of probate, acting upon this petition, appointed a time of hearing, and ordered notice to'be served upon Bassett, the alleged incompetent.

Bassett filed an answer, asserting that the court had not acquired jurisdiction by the filing of the petition, denied the allegations of the petition, and denied the right or power of the probate court to appoint any guardian over his person or property. A hearing was had, and proofs taken, and the probate judge thereupon made an order as follows:

"It is ordered and decreed that James B. Cobb be, and he is hereby, appointed guardian of said George R. Bassett; and it is further ordered that said James B. Cobb file a bond in the penal sum of five thousand dollars, with sufficient surety to be approved by said court, before entering upon the discharge of his duties as such guardian, and that upon filing and approval of such bond letters of guardianship issue to him in the usual form."

An appeal was taken by Bassett from this order to the circuit court. Thereupon Louisa S. Bassett presented a petition to the probate judge for the appointment of a special guardian pending the appeal. In this petition she set out that she is a sister of the deceased father of said George R. Bassett, and that he has no father, mother, brother, sister, child, nor children. She also set out the appointment of the general guardian, and the appeal taken from the order

to the circuit court of the county of Kalamazoo, and the reasons why a special guardian should be appointed pending the appeal.

This application was met with a motion to dismiss the petition, and all proceedings under it, for 18 reasons, of which a few only will be noticed here.

The *first* is based upon the insufficiency of the petition for the appointment of a guardian to confer jurisdiction, and for not complying with the provisions of the statute in regard to the appointment of special guardians.

*Second.* That the petition does not show that Louisa S. Bassett is such a relative as is contemplated by the statute, who is authorized to make such application, or that she is such a person as would inherit any of the property of George R. Bassett if he should die intestate.

*Fourth.* Because the petition does not show, by facts and circumstances, that George R. Bassett is a mentally incompetent person, nor set forth the causes of the alleged incompetency.

*Fifteenth.* That the original petition for the appointment of a general guardian is void, and confers no jurisdiction on the court to appoint a general guardian, and that the alleged appointment of a general guardian is void.

Section 6314, How. Stat., provides:

" When the relations or friends of any insane person, or of any person who, by reason of extreme old age or other cause, is mentally incompetent to have the charge and management of his property,    *    *    *    shall apply to the judge of probate to have a guardian appointed for him, the judge shall cause a notice to be given to the supposed insane or incompetent person of the time and place of hearing the case, not less than fourteen days before the time so appointed."

The statute does not state what the application shall contain, but manifestly it must contain a statement of facts which will authorize the appointment to be made, and it must upon its face appear to be made by the persons named in the statute. The petition should show all persons who will be affected by the action sought to be taken; and this

would manifestly include the presumptive heirs at law and distributees.

In the case of a married man, no one is so deeply interested as his wife, and children, if they have any, inasmuch as the appointment of a guardian interferes directly with the control and possession of the household. No action which so interferes can be proper without bringing before the court the persons liable to be so affected; and, while it may be proper for any near heir presumptive to make the application, it should show how far there are other persons concerned in the action sought.

In this case Bassett was a married man, and his wife was living, and the person most nearly related to him, and most to be affected by the proceedings. She is not, however, mentioned in the petition, nor does the fact that Bassett was a married man appear therefrom. The petition was defective in not stating this fact. The importance of this is more manifest when we consider that in cases of this kind the guardian appointed by the judge of probate controls both person and property. *Taff v. Hosmer*, 14 Mich. 255; How. Stat. § 6316.

This petition is not open to the objections discussed *In re Brown*, 45 Mich. 326 (7 N. W. Rep. 899), and *In re Storick*, 64 Id. 685 (31 N. W. Rep. 582). In the *Brown Case* the petition failed to state that the person whom it was sought to place under guardianship was mentally incompetent, but merely set forth that he was incompetent to have the care and management of his property. It was held that the petition was insufficient; that the incompetency set out in the petition is not necessarily mental incompetency; that the statute contemplates the existence of insanity, or of mental infirmity that is equivalent in destroying mental competency.

In the *Storick Case* the petition represented that it was

necessary that a guardian be appointed for the following reasons, viz.:

"That she is feeble in body and mind, so that she is not able to manage her business affairs with a proper degree of judgment and skill ; her mind being so weak that she can be influenced by others in any direction they may see fit to lead her, even right against her own interest, and the interest of her family, and can, by any person almost, be induced to part with her property without just compensation therefor."

There was no allegation that she was mentally incompetent to have the charge and management of her property, nor any statement equivalent thereto. It was said, in deciding that the petition was insufficient, that the statute—

"Applies to those whose mind is so affected as to have lost control of itself to such a degree as to deprive the person afflicted of sane and normal action. Unless the petition either follows the words of the statute, or uses language and states facts fully equivalent, it cannot give jurisdiction."

In this case the petition states—

"That it is necessary that a guardian of the person and estate of the said George R. Bassett be appointed, for the following reason, viz.:     That said George R. Bassett is mentally incompetent to have the care and management of his property."

This is substantially the language of the statute, and raises an issue which is to be determined by the probate judge. What follows the substantial allegation in the petition does not detract from the reason given, nor modify the statement made of the mental incompetency of the said George R. Bassett to have the charge and management of his estate. They are simply illustrations of the effect of his mental incompetency, and might have been omitted without detriment to the legal sufficiency of the petition to confer jurisdiction.

The order appointing the general guardian is not the order authorized by the statute. It merely appoints James B. Cobb guardian of George R. Bassett, and does not appoint

68 MICH.—23.

him guardian of his estate. It makes no mention of the estate. The statute provides (sec. 6315) that—

"If, after a full hearing and examination upon any such application, it shall appear to the judge of probate that the person in question is incapable of taking care of himself, and managing his property, he shall appoint a guardian of his person and estate."

It is clear that the judge of probate had no authority to appoint a guardian over the person, and not of the estate; neither could he appoint one over his estate, and not over his person. The proceedings are special, and in their nature summary, as well as being purely statutory, and, where they involve the citizen in the deprivation of both liberty and property, they must be strictly complied with.

In the case of *North v. Joslin,* 59 Mich. 647 (26 N. W. Rep. 810, 820), in speaking of the order appointing the guardians, it was said:

" Neither was there ever any decree made by the judge of probate adjudging Mrs. North to be mentally incompetent to take care of herself and manage her property. This was necessary, and the adjudication should appear of record."

See authorities there cited. The order in this case contains the same infirmity. There is no adjudication or decree adjudging George R. Bassett to be incapable of taking care of himself and managing his property.

It follows that the order of the probate judge appointing a special guardian over said George R. Bassett must be reversed and set aside, for the reason that the proceeding to appoint a special guardian is purely ancillary to that of appointing a general guardian; which appointment, it appears by this record, is not in compliance with the statute in such cases made and provided.

No costs will be allowed in this Court.

SHERWOOD, C. J., did not sit.