IN THE MATTER OF APPLICATION TO APPOINT A GUARD-
IAN FOR ELECTA MYERS, AN ALLEGED
INCOMPETENT PERSON.

*Guardian and ward—Mentally incompetent person—Petition to
probate court.*

A petition for the appointment of a guardian for an alleged
incompetent person, in order to confer jurisdiction, must show
who, if any, the persons are who will be affected by the action
sought to be taken, and this will include the presumptive heirs
at law, who must be given notice of such application. *In re
Bassett,* 68 Mich. 348.

*Certiorari* to probate court of Lenawee county to
review proceedings in appointing a guardian for an
alleged incompetent person. Argued January 11, 1889.
Proceedings quashed January 18, 1889. The facts are
stated in the opinion.

*J. C. Winne,* for petitioner in *certiorari.*

*Salsbury & O'Mealey,* for respondent.

MORSE, J. The probate court for the county of Lena-
wee, on March 27, 1888, appointed one Austin Gillett
guardian unto Electa Myers, of Adrian, Mich., having
adjudged and decreed on that day that she was—

"An incompetent person, and by reason of such incom-
petency mentally incompetent of having the care of her
person and the management of her property."

The proceedings of the probate court in this matter
are brought to this Court for review on writ of *certiorari.*

The foundation of these proceedings was a petition filed
in said probate court on March 9, 1888, by Harriet
Johnson, who represented in her petition—

"That her mother, Electa Myers, residing in the city of Adrian," was "by reason of old age and mental weakness (resulting from sickness and age) mentally incompetent to have the charge and management of her person and property, and that it" was "necessary that a guardian be appointed for said Electa Myers to take charge of her property."

The petition also alleges and concludes as follows:

"That said Electa Myers is some 76 years of age, and in infirm health, and is mentally so weak as to be unfit to manage or have charge of her person or property; that she is the owner of a dwelling-house in the city of Adrian, of the value of $2,500 or thereabouts; and that she has an interest in the estate of Nathan S. Myers, her late husband, deceased, now in the process of settlement in said probate court.

"Your petitioner prays that said Electa Myers may, by a decree of this court, be declared mentally incompetent to have the charge and management of her person and property, and that Austin S. Gillett, of Adrian, or some other suitable person, may be appointed her guardian.

"Dated March 9, 1888.        HARRIET JOHNSON."

"STATE OF MICHIGAN, }
  County of Lenawee.   } ss.

"On this the 9th day of March, 1888, before me personally came Harriet Johnson, and made oath that she has heard read the foregoing petition by her subscribed, and knows the contents, and that the same is true.

"NORMAN GEDDES, Judge of Probate."

An order was made on the same day, assigning March 27, 1888, at 10 o'clock A. M., for the hearing of this petition; and that the *next of kin* of said Electa Myers, and all other persons interested in said estate, be required to appear at said hearing, and show cause, if any, why the prayer of the said petitioner should not be granted. This order was served on Electa Myers and Mahala Curtis, her daughter, and upon no other persons, 14 days before the hearing. It does not appear that Electa Myers was present at the hearing, and she alleges in her affidavit for

the writ of *certiorari* that Austin Gillett, who makes return that he served the notice upon her, read over to her a paper, but left no copy of the same with her, and told her that it signified nothing, and was of no special importance. It also appears that Electa Myers had at the time this petition was filed three other adult living children, beside Harriet Johnson and Mahala Curtis, to wit, Langford Myers and Danford Myers, residing in Adrian, and Ferdinand Myers, living at Rome, Lenawee county, in the same township where Harriet Johnson and Mahala Curtis resided. . These three children and *next of kin* received no notice of these proceedings.

The petition conferred no jurisdiction upon the probate court. It did not show who were the next of kin of said Electa Myers. As far as such petition is concerned, it does not appear that any one, save the petitioner, Harriet Johnson, has any interest in the estate of the alleged incompetent, when in fact at least four other persons were presumptively equally interested with herself in such estate, and only one was notified of the hearing.

We held *In re Bassett*, 68 Mich. 348 (36 N. W. Rep. 97), that the petition, in order to confer jurisdiction upon the probate court, must show who, if any, the persons are who will be affected by the action sought to be taken, and this will include the presumptive heirs at law. The manifest propriety and necessity for this holding need not be discussed. If the person sought to be declared an incompetent person, and put under guardianship of person and property on this account, is, as claimed, incompetent, a notice served upon her alone can be of but little use, even in protecting her rights in the premises; and she is therefore entitled, for her own protection, to have her next of kin notified of the proceedings, as it is naturally to be supposed that at least some of them, above all other persons, will be interested in her welfare. The presump-

tive heirs at law are also entitled to such notice by reason of their presumptive interest in her estate, although such interest is not vested. The statute itself intends that the "relatives and friends" shall institute and be informed of this proceeding, not that one relative or friend can do it without notice to the others. How. Stat. § 6314. And while the statute, in terms, does not provide that any notice shall be given, other than to the alleged incompetent, we have decided that the presumptive heirs at law are entitled to it. *In re Bassett*, 68 Mich. 348.

In the case at bar the judge ordered that the *next of kin* should appear at the hearing, and show cause, if any, against the prayer of the petition, and yet three sons, living in the same county and town as the petitioner, were not notified, nor directed to be notified. Why Mahala Curtis, a daughter, was notified, and the sons were not, may perhaps be accounted for by the fact that she attended at the hearing, and gave testimony to the incompetency of her mother. There can be no good reason why one of the heirs, and not the others, should be notified in such proceedings. It is not necessary to notice the other objections to the proceedings.

The order and decree of the probate court in the premises will be vacated and set aside, and all the proceedings quashed, and declared void, with costs against the petitioner, Harriet Johnson, who instituted the proceedings in the probate court.

The other Justices concurred.