## MAY SCOTT v. J. H. WHITELY.[1]

June 25, 1926.

No. 25,405.

**Incompetent may petition for appointment of his guardian.**

1. A person, claiming to be incompetent, may petition the probate court for the appointment of a guardian for himself.

**And upon such petition statutory notice is unnecessary .**

2. Upon such petition notice pursuant to G. S. 1923, § 8925, is unnecessary.

**What questions cannot be raised after time for appeal has passed.**

3. An order appointing a guardian for such person is subject to attack by motion to vacate for want of jurisdiction or for fraud, but the question as to whether or not the person was in fact incompetent, like other essential facts stated in the petition, cannot be raised after time to appeal has expired.

Guardian and Ward, 28 C. J. p. 1083 n. 95, 5; p. 1095 n. 96.

J. H. Whitely appealed from a judgment of the district court for St. Louis county, Fesler, J., affirming an order of the probate court, Gilpin, J., refusing to vacate an order appointing a guardian of Mrs. May Scott. Affirmed.

*J. H. Whitely*, pro se.

*Adams & Jones*, for respondent.

WILSON, C. J.

Appeal from a judgment affirming an order of the probate court made August 23, 1922, refusing to vacate an order appointing a guardian for Mrs. May Scott. On December 29, 1921, she petitioned the court for the appointment of a guardian for herself stating that she was unable and incompetent to care for and manage her property because she was in very poor health, feeble and infirm, and was then an inmate of an almshouse. No notice was given. On January

[1]Reported in 209 N. W. 640.

3, 1922, the court granted the petition and appointed one A. P. Cook as such guardian.

Prior to the appointment of the guardian Mrs. Scott had employed J. H. Whitely, an attorney, on a contingent fee contract to prosecute an action to recover $2,159.

The guardian qualified on January 6, 1922. Letters issued the next day. The guardian settled the lawsuit for $450 without the knowledge of Mr. Whitely. In May, 1922, Mrs. Scott died. Her will was admitted to probate on August 1, 1922. Mr. Whitely learned of the appointment of the guardian on January 9, 1922.

On August 4, 1922, Mr. Whitely claiming to be a creditor made his petition for the vacation of the order appointing the guardian on the grounds that: (1) The petition did not meet the statutory requirements; (2) the statutory notice for hearing was not given; (3) the signature of the petitioner was procured by undue influence; and (4) Mrs. Scott was not in fact incompetent.

1. May a person, because of his own incompetency, petition for the appointment of a guardian for himself? Jurisdiction of the probate court is conferred by the Constitution. Art. 6, § 7. Such jurisdiction in its field of operation is exclusive and general. State v. Ueland, 30 Minn. 277, 15 N. W. 245; Dun. P. L. § 34. The state designs a guardianship proceeding for an incompetent in the nature of a protective measure. Dun. P. L. § 1355. The proceeding is not adversary. Prokosch v. Brust, 128 Minn. 324, 151 N. W. 130. Every proceeding in the probate court shall be commenced by petition. G. S. 1923, § 8708; Bombolis v. M. & St. L. R. Co. 128 Minn. 112, 150 N. W. 385. Before a guardian may be appointed for an incompetent, someone must file a petition therefor. G. S. 1923, § 8917, says that a minor over 14 years may nominate his own guardian but it says nothing about his signing the petition. But the established and recognized practice is that he does. G. S. 1923, § 8924, says that the probate court may appoint a guardian for an incompetent person and that such appointment may be made upon the petition of the county board or of any relative or friend of the person. The statute does not say that the petition shall be made only by the

parties named. It merely authorizes certain persons to make it. Ordinarily they are the ones who act. They are expected to act. An incompetent person seldom recognizes the necessity of a guardian. He may be so incompetent as to be unable to appreciate the necessity or utterly incapable of acting. We think also that he may realize his delinquency or imperfections which render him unable to preserve his property from waste and yet have ample capacity to make the usual petition for a guardian and to appreciate the seriousness, importance and necessity involved. The proceeding is for his benefit. The whole judicial plan for handling estates of incompetents is complete and is primarily for the benefit of the incompetent. Why should he not be allowed to invoke the aid of the court in this respect when he has the necessary capacity to do so? We think he should and we construe the law as authorizing by implication the making and filing of the petition by the party for whose benefit the law was made. The legislature has never deemed it necessary to mention the incompetent himself but has added persons who in its judgment should also have authority to institute such proceedings. No other construction would permit that wholesome protection contemplated by the fundamental law of the state. The legislature has said that a person may voluntarily apply for admission to the State Hospital for the Insane. G. S. 1923, § 8954.

2. Jurisdiction depends upon the filing of the petition and not upon notice. Hanson v. Nygaard, 105 Minn. 30, 117 N. W. 235, 127 Am. St. 523. But the notice contemplated by G. S. 1923, § 8925, is for the benefit of the incompetent and is intended to advise him of the acts of others concerning him. Its necessity does not exist when he makes the petition himself. It, then, is a useless and unnecessary act which the law neither requires nor expects. No one but the party entitled to the notice can raise the question of want of notice.

3. Whether Mrs. Scott was in fact incompetent could be litigated only in the proceedings and could not be reached after the time for appeal had expired. This should be true as to any of the essential facts stated in the petition. The creditor did not appeal.

If the court was without jurisdiction or if the signature of petitioner was procured by undue influence, which is a species of fraud, he selected a proper procedure. The trial court exonerates the party charged with undue influence and we have above held that jurisdiction was acquired by the petition.

The other assignments of error are not important.

Affirmed.