## KELMA VINSTAD v. STATE BOARD OF CONTROL.[1]

December 3, 1926.

No. 25,598.

**Ward of board of control may petition for restoration to capacity.**

1. A person placed under the guardianship of the State Board of Control may petition the proper probate court to be restored to capacity.

**And may appeal from adverse decision of probate court.**

2. Such a person may appeal to the district court from an adverse decision of the probate court.

**Issue of fact may be submitted to jury for special verdict.**

3. On the appeal the court may submit an issue of fact to a jury for a special verdict.

Insane Persons, 32 C. J. p. 674 n. 41; p. 675 n. 74; p. 676 n. 98.

The State Board of Control appealed from a judgment of the district court for Clay county, Nye, J., discharging respondent from guardianship. Affirmed.

*Clifford L. Hilton,* Attorney General, and *Chester S. Wilson,* Assistant Attorney General, for appellant.

*F. H. Peterson,* for respondent.

HOLT, J.

The State Board of Control appeals from a judgment discharging respondent from its guardianship.

Respondent was adjudged feeble-minded in 1921 and placed under the guardianship of appellant by the probate court of Clay county. In 1925 she petitioned the same court to be restored to capacity. An order was made denying the petition and she appealed to the district court, where upon a trial she was adjudged competent. The proceedings by which respondent was placed under guardianship

[1] Reported in 211 N. W. 12.

were taken pursuant to G. S. 1923, §§ 8953-8972 (Laws of 1917, p. 484, c. 344, as amended by Laws of 1919, p. 73, c. 77, and Laws of 1923, p. 324, c. 260).

The first point is that the probate court was without jurisdiction to entertain the petition for restoration, because signed by the ward instead of by a parent, guardian, relative or friend as prescribed by § 8960. The logic of Scott v. Whitely, 168 Minn. 74, 209 N. W. 640, is applicable, and supports a holding that the one under guardianship may petition for a discharge-therefrom as well as any of those mentioned in said section.

Appellant also contends that to it alone is given the right of appeal from the probate court's decision, hence its objection to the jurisdiction of the district court should have been sustained. For many years prior to 1923, when § 8960 was amended so as to grant the State Board of Control the right of appeal in case of a discharge of its guardianship by a probate court, the general law relating to appeals from such court contained this provision: "An appeal to the district court from a judgment, order or decree of the probate court may be taken by any party aggrieved in the following cases: * * * 11. An order denying an application for the restoration to capacity." G. S. 1923, § 8983. Clearly this statute grants respondent the right of appeal, unless by implication she was deprived thereof by the law under which she was placed under guardianship.

The law contains no direct denial of appeal to the ward, and it can be claimed only by inference or implication because of the amendment of § 8960 by Laws of 1923, p. 324, c. 260, giving the board the right of appeal without saying anything about an appeal by or in behalf of the ward. We think no such inference is to be drawn from the amendment. Without it being specifically given the board, grave doubts of its right of appeal under the general statute quoted would exist. The board is a governmental agency of the state, acts in a representative capacity, and as such can hardly be said to be a party-aggrieved by a decision releasing it from an uncompensated burden. So the legislature, in order to remove a doubt and to better

protect the public and the best interests of the ward, specifically conferred the right of appeal on the board by a special procedure, relieving it from giving the usual bond, leaving the guardianship in the board pending the appeal and speeding its hearing. There is nothing in this indicative of an intent to deprive the ward, his relatives or friends of the right of appeal given so plainly by subdivision 11 of said § 8983 above quoted.

The record shows that appellant objected to the district court submitting a question of fact to a jury for a special verdict. Placing persons under guardianship or releasing therefrom is within the original jurisdiction of probate courts, courts not equipped with jurors, and as to which the constitutional guaranty of trial by jury does not apply. Nor is the question of guardianship triable by jury as a matter of right, either in probate or district courts. However, in a district court where a jury is available, the court, in any action or proceeding triable to the court, may send an issue of fact to a jury for a special verdict. It was within the discretion of the court to so do in the instant case.

The judgment is affirmed.