STEVENS v. STEVENS.

1. DIVORCE—INSANE PERSONS.
   An insane person, in the absence of statute, cannot bring an action for divorce either in his own name or in the name of his guardian.

2. INSANE PERSONS—APPOINTMENT OF GUARDIAN—STATUTES.
   Power of probate judge to appoint guardian for persons who are insane and others is purely statutory and requirements of statute must be strictly observed (3 Comp. Laws 1929, § 15763).

3. SAME—APPOINTMENT OF GUARDIAN—JURISDICTION.

Order by probate judge adjudging man insane and appointing guardian is void where based upon proceedings not conducted in accordance with statute in that record does not show proper return of service upon his next of kin (3 Comp. Laws 1929, § 15764).

4. PLEADING—DIVORCE—GUARDIANSHIP.

Allegation of guardianship in bill of complaint for divorce and inclusion of name of guardian in title of the suit were mere surplusage and properly stricken out pursuant to 3 Comp. Laws 1929, § 14144, where order appointing guardian was null and void.

5. SAME—AMENDMENTS.

3 Comp. Laws 1929, § 14144, permitting amendments to pleadings, is to be liberally construed.

6. DIVORCE—PRESUMPTION OF COMPETENCY.

Presumption that plaintiff who signed and verified his bill of complaint for divorce had mental capacity to comprehend the nature and effect of his act also applies to the time when evidence was taken and decree granted, where order, appointing his guardian before bill was signed, was null and void and trial judge who saw and heard plaintiff testify was ably qualified to determine his mental competency to understand the nature of the proceedings.

Appeal from Shiawassee; Collins (Joseph H.), J. Submitted March 22, 1934. (Docket No. 150, Calendar No. 37,685.) Decided April 3, 1934.

Bill by Charles Stevens against Catherine Stevens for divorce. Decree for plaintiff. Defendant appeals. Affirmed.

*Miner & Miner,* for plaintiff.

*Pierce & Planck,* for defendant.

EDWARD M. SHARPE, J. On March 25, 1933, plaintiff filed a bill of complaint in the circuit court of Shiawassee county asking for a divorce from de-

fendant, his wife, on the ground of extreme cruelty. The bill was brought in the name of ''Charles Stevens, by his guardian, Harvey Mills,'' but was signed and verified by Charles Stevens personally.

Defendant moved to dismiss the bill on the ground that plaintiff was an insane person under guardianship and could not obtain a divorce either in his own name or in the name of his guardian. The motion to dismiss the bill was denied May 27, 1933. Later the trial judge allowed plaintiff to amend the bill of complaint by striking out the words ''by his guardian, Harvey Mills,'' in the title of the case and also the paragraph alleging the appointment of a guardian.

The files of the probate court of Shiawassee county, introduced in evidence in this case, show that on October 3, 1932, defendant filed a petition for the commitment of Charles Stevens to an institution for the insane. Nothing appears in the records to indicate that any further action was taken on such petition. On November 15, 1932, Hattie E. Howard, sister of Charles Stevens, filed a petition for the appointment of a guardian for Charles Stevens as mentally incompetent. There is in the files a citation dated November 18, 1932, addressed to Charles E. Stevens, Kate B. Stevens, and Wayne Stevens, requiring them to appear at the probate court on December 6, 1932. Proper return was made of service on Charles Stevens. There is also a postoffice return receipt that something was received by Mrs. Kate Stevens on November 19, 1932, but no affidavit as to what that was. Nor is there any return of service upon Wayne Stevens, son of Charles Stevens. On December 20, 1932, an order was made by the probate judge appointing W. Harvey Mills as guardian for Charles Stevens.

October 7, 1933, the trial judge, after hearing the evidence, granted plaintiff a divorce and provided for a division of the property. Defendant now appeals from this decree on the ground that the circuit court had no jurisdiction to grant a decree.

While it is true that an insane person, in the absence of statute, cannot bring an action for divorce either in his own name or in the name of his guardian (70 A. L. R. 964; 19 C. J. p. 98), yet the present case is not an action for divorce by an insane person as there was no adjudication upon the petition filed by the defendant Catherine Stevens October 3, 1932, wherein the petitioner sought to have plaintiff Charles E. Stevens adjudged insane. Nor is this an action for a divorce by a mentally incompetent person, since the order of the judge of probate made and entered December 20, 1932, was improperly issued. While the probate judge, under 3 Comp. Laws 1929, § 15763, has the power to appoint a guardian "of all persons who are insane, imbecile, idiotic or who by reason of old age or disease are mentally incompetent to have the care, custody and management of their estate," his powers are purely statutory and the requirements of the statute must be strictly observed. *North* v. *Joslin,* 59 Mich. 624; *Partello* v. *Holton,* 79 Mich. 372.

The record discloses that there was no proper return made of service upon Mrs. Catherine Stevens or upon Wayne Stevens, the next of kin of plaintiff. The order was based upon proceedings which were not conducted in compliance with the statute (3 Comp. Laws 1929, § 15764), and the probate court was therefore without jurisdiction to make the order appointing a guardian. *Partello* v. *Holton, supra; Devereaux* v. *Janes,* 141 Mich. 265 (113 Am. St. Rep. 523); *In re Petition of Martin,* 248 Mich. 512.

The appointment of a guardian being null and void, the allegation of the guardianship in the bill of complaint and the inclusion of the name of the guardian in the title of the suit were mere surplusage and were properly stricken out. Section 14144, 3 Comp. Laws 1929, permitting amendments to pleadings is to be liberally construed. *Donnelly* v. *Ætna Life Insurance Co.*, 222 Mich. 214. The bill of complaint as amended does not set up a new cause of action or substitute parties plaintiff, for the original bill of complaint was drawn throughout as a suit by Charles Stevens personally and was signed and verified by Charles Stevens himself. *Osborne* v. *Osborne*, 156 Mich. 413.

At the time the bill of complaint was signed by the plaintiff he was presumed to have mental capacity to comprehend the nature and effect of his act. This presumption also applies to the time when the evidence was taken and a decree granted. The trial judge, who saw and heard the plaintiff testify, was ably qualified to determine his mental competency to understand the nature of the proceedings. We are satisfied that he came to the right conclusion.

The decree will be affirmed, with costs to plaintiff.

NELSON SHARPE, C. J., and POTTER, NORTH, FEAD, WIEST, BUTZEL, and BUSHNELL, JJ., concurred.