STATE *vs.* FRED BENNETT.

SAME *vs.* HENRY J. LESSARD.

SAME *vs.* JOHN A. CLARITY.

SAME *vs.* JOSEPH V. MELANSON.

Cumberland.    Opinion March 30, 1901.

*Intox. Liquors.    Search Warrant.    Night Time.    Dwelling-House and Inn.    R. S., c. 27, §§ 27, 40, 43, 63; c. 132, § 14.*

1.  A general direction in a warrant to search for intoxicating liquors without any restriction as to time is sufficient authority to make the search in the night time as well as in the day time.    There is no requirement in chapter 27, R. S., that a warrant to search in the night time shall contain an express direction for that purpose, and the provisions of chapter 132 are not applicable.    In the absence of any statute prohibiting it, any process, civil or criminal, may be served in the night time as well as in the day time.

2.  A material averment may sometimes be introduced with as much clearness and certainty by means of a participial clause commenced by the word "being," as in the form of the direct proposition of a declarative sentence.

3.  There is no legal objection to the union of the words dwelling-house and inn in the description of the premises in a search warrant.    The building may be a dwelling-house, used as an inn and also for purposes of traffic. There is no incongruity in describing it as a dwelling-house and inn.

Exceptions by defendants.    Overruled.

Appeals by the defendants from the municipal court of Portland to the Superior court upon complaints and warrants against them under R. S., c. 27, §§ 40 and 43, for having intoxicating liquors in their possession with the intent to sell the same in violation of law.

The defendants in each case demurred to the complaints.    The demurrers were overruled by the presiding justice and the defendants excepted.

The facts appear in the opinion.

*Geo. Libby*, county attorney, for state.

*D. A. Meaher*, for defendants.

SITTING:   WISWELL, C. J., WHITEHOUSE, STROUT, SAVAGE, POWERS, JJ.

WHITEHOUSE, J.   These are complaints based on sections 40 and 43 of chap. 27 of the revised statutes, authorizing the process for "search and seizure."   The cases come to this court on exceptions to the overruling of the defendants, demurrers to the complaints.   The complaint in each case is, that intoxicating liquors were kept and deposited by the defendants "in the dwelling-house and inn being known as the Jefferson Hotel and its appurtenances, situated on the northerly side of Congress street in said Portland and numbered nine hundred and forty-one on said street and occupied by said Lessard and Sullivan, a part of said dwelling-house and inn being used for purposes of traffic by said Lessard and Sullivan, said Lessard and Sullivan not being then and there authorized by law to sell said liquors within said state."

I.   In support of the demurrer it is argued, in the first place, that the complaint does not allege "in a direct and affirmative way" that a part of the dwelling-house was used as an inn, or for purposes of traffic, or that the defendants were not authorized by law to sell the liquors in this state.   But this objection is clearly unsupported either by reason or authority.   In *State* v. *Dunning*, 83 Maine, 178, it was charged in the indictment that the defendant "did catch and have in his possession one hundred and eleven lobsters, each of said lobsters then and there being less than ten and one-half inches in length  .  .  .  .   which said lobsters when caught being shorter than ten and one-half inches"; and the court held that this was a sufficient allegation that the lobsters were less than the prescribed length when caught, saying:   "A material averment may sometimes be introduced with as much clearness and  .  .  .  .   certainty by means of the participial clause commenced by the word 'being,' as in the form of the direct proposition of a declarative sentence.   The practice is too familiar and well established to require the citation of the numerous precedents found on the county attorney's brief."   Furthermore, the latter averment objected to in the complaint is precisely the one pre-

scribed in the "form for complaint in case of seizure" found in sect. 63, chapter 27 (p. 317) of the revised statutes. The forms there provided are declared "sufficient in law for all cases to which they purport to be adapted;" and there can be no question that it was competent for the legislature to prescribe the form of such allegation, as no essential ingredient of the crime is omitted and the accused is not deprived of any constitutional rights. *State* v. *Learned*, 47 Maine, 426 ; *State* v. *Bartley*, 92 Maine, 422.

II. But the defendants interpose the further objection, that although the warrant expressly directs the officers to search a dwelling-house in the night time, it contains no averment showing any statute authority for such search. It is contended that section 14 of chap. 132, R. S., respecting warrants to search for stolen property and for the arrest of the criminal, is applicable to this process to search for intoxicating liquors, and that the complaint should accordingly allege that the magistrate is satisfied that a search in the night time is "necessary to prevent the removal of such person or property."

But this objection is also clearly untenable. The leading provisions of chapter 132 R. S., including section 14, had existed many years prior to the enactment of the statute on which this complaint is founded. They relate to an entirely separate and distinct class of offenses, and it was manifestly the intention of the legislature that proceedings to search for intoxicating liquors should be regulated and controlled by the provisions of chapter 27 and not by the requirements of chapter 132, which are, for the most part, entirely inappropriate to the search for liquors. In *State* v. *Welch*, 79, Maine, 99, the facts were precisely analogous to those at bar. In that case the complaint was based on section 40 of chap. 27, R. S., and it was contended in behalf of the defense that the complaint should allege that the complainant "has probable cause to suspect and does suspect", as required by section 11 of ch. 132, R. S. But the court held that such an allegation was not required, and that it was sufficient to follow the language of the statute on which the complaint was based, citing *State* v. *Nowlan*, 64 Maine, 531.

Furthermore, there is no requirement in chapter 27, that the magistrate who issues a warrant to search for liquors in the night time, shall insert therein an express direction for that purpose; and in the absence of any statute prohibiting it, no reason is apparent why any process, civil or criminal, may not be legally served in the night time as well as in the day time, or why a general direction in a warrant to serve it, without any limitation as to the hour of the day when it shall be served, may not properly be considered authority to serve it in the night time as well as in the day time. In accordance with this view was the decision of the court in *Com.* v. *Hinds*, 145 Mass. 182.

In the cases at bar the direction in the respective warrants to search in the night time is surplusage. A general direction to enter and search for the liquors without any restriction as to time, is sufficient authority to make the search in the night time as well as in the day time.

III. Finally it is said, that the numbers mentioned in the description of the premises are "misleading and unsatisfactory," for the reason that Jefferson Hotel is alleged by counsel to have four numbers on the street, and that different numbers are employed in different complaints. But there is no evidence of these facts before the court in any of these cases.

The description of the premises in each of these complaints is obviously sufficient on demurrer. In each case the entry must be,

*Exceptions overruled. Judgment for the State.*