*In re* MILLER'S ESTATE.

1. INSANE PERSONS—GUARDIAN—PETITION—PROBATE COURT.
   A petition for the appointment of a guardian for an incompetent is valid and sufficient to confer jurisdiction, notwithstanding that it does not contain a statement of the cause of incompetency. 3 Comp. Laws, § 8709, 4 How. Stat. (2d Ed.) § 11565.

2. PRACTICE—TIME—INCOMPETENT PERSONS — PROBATE COURTS —
ESTATES OF PERSONS UNDER GUARDIANSHIP.
   The period of 14 days named by statute for the service on the
   incompetent of citation "before the time" appointed for the
   hearing, is to be determined by including the day of hearing
   and excluding the day of service.

3. SAME—PROBATE COURT RULES—TIME OF SERVICE.
   But under Probate Court Rule 5, 14 full days' notice before the
   day of hearing is required as to the next of kin.

4. SAME—COLLATERAL ATTACK—JUDGMENTS.
   The objection cannot be raised in a collateral proceeding, after
   appointment of a guardian.

5. INSANE PERSONS — GUARDIAN'S SALE—FIDUCIARY RELATIONS —
GOOD FAITH—SUPERINTENDENTS OF POOR.
   A superintendent of the poor, whose approval of a sale of the
   ward's realty is required by 3 Comp. Laws, § 9118, 4 How.
   Stat. (2d Ed.) § 11271, cannot become a purchaser of the
   ward's property at private sale ordered by the court, since he
   acts in a fiduciary capacity in relation to the incompetent.

Certiorari to Grand Traverse; Mayne, J. Submitted
November 23, 1911. (Docket No. 174.) Decided December 17, 1912.

Upon the petition of Thomas W. Robinson, guardian
of the estate of Adeline Miller, an incompetent, for leave
to sell real estate to pay debts of the incompetent, the
probate court of Leelanau county issued license to sell at
private sale. From an order of said court confirming
the sale made pursuant to the order or license, Charles
Miller and others appealed to the circuit court, in which
the order was affirmed. Appellants brings certiorari.
Affirmed in part: Reversed in part.

*Clinton L. Dayton*, for appellants.

*J. W. Patchin*, for appellee.

BIRD, J. Such proceedings were had in the probate
court for the county of Leelanau as resulted in the appointment of a guardian for the person and estate of

Adeline Miller, an incompetent, and a sale of certain of her real estate for the purpose of paying her debts and furnishing her support and care. Objections were filed by the presumptive heirs and the order of confirmation opposed by them on several grounds. The objections were overruled by the probate court and the sale confirmed. An appeal to the circuit court was taken, where the objections were again overruled and the appeal dismissed. The proceedings were then removed to this court by certiorari.

The jurisdiction of the probate court is attacked because of the insufficiency of the petition for the appointment of the guardian on the ground that it does not allege the cause of the mental incompetency. The statute applies to "any insane person or any person who, by extreme old age or other cause, is mentally incompetent to have charge and management of his property," etc. Inasmuch as the statute applies to all cases of mental incompetency, regardless of how they were induced, it would not seem to be important that the cause should be stated. The important allegation is that the person is "mentally incompetent to have charge and management of his property," and that allegation is duly made in the petition. A petition in substantially the same language as the present one was sustained in *Re Bassett*, 68 Mich. 348 (36 N. W. 97).

A lack of jurisdiction in the probate court is also alleged because the citation was not served within the time provided by law. The service was made on the alleged incompetent on September 4th, and the day fixed therein for the hearing was September 18th. The statute provides that the citation shall be served on the alleged incompetent "not less than fourteen days before the time so appointed." 3 Comp. Laws, § 8709 (4 How. Stat. [2d Ed.] § 11565). It is contended that, under the rule laid down by the court for the computation of time in such cases, this statute requires 14 full days before the day of hearing. We think counsel is in error in

this contention. Had the statute provided that the citation should be served 14 days before the *day* of hearing instead of 14 days before the *time* of hearing, it would have required a service of 14 full days. Under this statute the day of hearing is included and the day of service excluded. We think the service was made in season to comply with the rule laid down in *Chaddock* v. *Barry*, 93 Mich. 542 (53 N. W. 785). Service of the citation on the next of kin was not made until the 6th day of September, and this is also said to be a fatal defect. A reference to the statute will disclose that it is silent as to notice on the next of kin, but this court has held that they must have notice (*In re Myers*, 73 Mich. 401 [41 N. W. 334]), and the rules of probate court require that they shall be served with notice of the proceeding "at least fourteen days before the *day* set for hearing." Rule 5. It will be noted that the language of the rule differs from the language of the statute and requires a service of 14 full days before the day of hearing. The service of notice upon the next of kin was defective, and, had the objection been raised in that proceeding, it would have been the duty of the probate court to set it aside; but we think it is not a valid objection in a collateral proceeding like the present one.

The confirmation of the sale was opposed, among other reasons, because one parcel was sold to William Nelson, one of the superintendents of the poor, whose approval was necessary before a license of sale could be issued. The statute affecting this question provides that:

"No license shall be granted to any guardian to sell real estate of his ward as provided in this chapter, in any case excepting that of minors, unless the superintendents of the poor of the county of which the ward is an inhabitant, or in which he resides, shall certify to the judge of probate, in writing, their approbation of such proposed sale, and that they deem it necessary." (3 Comp. Laws, § 9118, 4 How. Stat. [2d Ed.] § 11271.)

The evident intent of the legislature in passing this

statute was to throw around such sales an added protection against bad faith and fraud. It made the superintendents of the poor in effect special guardians to pass upon the necessity and propriety of making a sale of the ward's lands, and with reference to such act it places them in a fiduciary relation to the ward, and demands of them an exercise of their best judgment, unaffected by selfish motives. If Mr. Nelson coveted the parcel which he bought, he was in no position to act for the best interest of his ward. Such a sale to her guardian would have been admittedly an illegal sale, and the same reasons which would make it an illegal sale to him will operate to make the sale illegal as to Mr. Nelson.

It is urged that the sale was made to Mr. Nelson in good faith. That fact will not rescue it from illegality; neither will the fact that an adequate price was paid. 21 Cyc. p. 135. It is the policy of the law to keep the individual interest of one acting in a fiduciary capacity from coming into competition with the interest of his ward.

The sale to Mr. Nelson was an illegal one, and the order of the probate judge confirming it will be vacated. In other respects, the order of confirmation will be affirmed. The appellants will recover their costs in the circuit court and in this court.

STEERE, MCALVAY, BROOKE, and STONE, JJ., concurred.