JOSEPH F. PAGUM *vs.* MARY T. WHITE.

Middlesex.  March 14, 1927. — May 19, 1927.

Present: RUGG, C.J., BRALEY, PIERCE, CARROLL, & WAIT, JJ.

*Broker*, Commission.

A real estate broker cannot maintain an action for a commission for obtaining a customer for real estate of the defendant where it appears that the defendant agreed to pay the plaintiff a commission of $200 provided he procured a purchaser of the property for $10,700, and there was an express agreement that no commission should be paid unless the property was sold for more than $10,500; that there was no agreement, and no consideration for an agreement, that the defendant should hold the property unsold for any time or that he should refuse to sell it for less than $10,700 without notice to and assent from the plaintiff; and that, without bad faith, the defendant sold the property for $10,500, which he chose to accept "rather than lose the customer"; the action being governed by the usual rule, that, without liability to answer in damages to the broker, the seller may revoke the authority of the broker in the midst of the broker's negotiations with a possible or probable purchaser.

CONTRACT by a real estate broker for a commission of $200 for procuring a customer for real estate of the defendant. Writ in the First District Court of Eastern Middlesex dated August 29, 1925.

Facts found at the hearing in the District Court are stated in the opinion. The judge found for the plaintiff in the sum of $200 and reported the action to the Appellate Division for the Northern District. The report was ordered dismissed. The defendant appealed.

*J. M. Graham*, for the defendant.

*J. A. Pagum*, for the plaintiff.

PIERCE, J. This is an action of contract wherein the plaintiff, a real estate broker, seeks to recover an alleged specified commission of $200 for the sale of real estate belonging to the defendant White, who will herein be referred to as the defendant. The case is before this court on the defendant's appeal from the decision, "Report Dismissed," of the Appellate Division of the Northern District.

The facts as they appear in the report summarized are as follows: On July 1, 1925, the plaintiff asked the defendant if the house which she owned and in which she lived was for sale. The defendant replied that the house was for sale; that the price was $10,700 but that she would take $10,500 in cash. The plaintiff testified, in substance, that he asked the defendant if she would accept a customer for the house if he brought one, and she said, "Yes, but you had better see my husband first"; that he saw the husband, told him the story, and asked him "if he would accept a customer if . . . [the plaintiff] brought one"; that the plaintiff asked him the price, and "he said '$10,500 cash' "; that the plaintiff said, " 'Will you give me a commission?' and he said: 'No, not on $10,500' "; that the plaintiff then said, "Then I will have to put my commission on top of that, the price is pretty high." He further testified, in substance, that he took the purchaser, "Mrs. C", to the house the next day, and she went all through it; that the price was not mentioned; that after he talked with the husband he went back to the defendant and told her that the price to his customer was to be $10,700; that "Mr. White said that the price to him . . . was to be $10,500," but the plaintiff should get a $200 commission and that therefore the plaintiff would make the price to his customer $10,700; that the commission was to be on top of $10,500; that the plaintiff would have to get his commission over that; that the plaintiff then went to see the purchaser and her husband, and the next night he told the defendant's husband that the price was $10,700, and Mr. White said "All right."

"Mrs. C" testified that she and her husband went to the house of the defendant without the plaintiff, and were told that the price was $10,700; and that they were satisfied with the house. It was finally bought for $10,500, which the defendant chose to accept "rather than lose the customer."

The facts recited disclose an undertaking on the part of the defendant to pay the plaintiff a commission of $200 provided he procured a purchaser of the property for $10,700, and an express agreement that no commission should be paid unless the property was sold for more than $10,500. As between

the plaintiff and the defendant there was no agreement, and no consideration for an agreement, that the defendant should hold the property unsold for any time or that she should refuse to sell it for less than $10,700 without notice to and assent from the plaintiff. In the absence of bad faith, and in the case at bar there is no evidence of any, the usual rule that the seller may revoke the authority of the broker in the midst of his negotiations with a possible or probable purchaser, without liability to answer in damages, must be taken to be the governing rule of the case. *Cadigan* v. *Crabtree,* 186 Mass. 7. *Des Rivieres* v. *Sullivan,* 247 Mass. 443, 446. It results that the decision and order of the Appellate Division must be reversed, and judgment be entered for the defendant.

*So ordered.*