CHAMBERLAIN & BURNHAM, INCORPORATED, *vs.*
ABRAHAM I. COHN.

Suffolk.    October 20, 1927.— November 22, 1927.

Present: BRALEY, CROSBY, PIERCE, CARROLL, & WAIT, JJ.

*Broker*, Commission. *Contract*, Construction. *Time.*

The owner of certain real estate signed and delivered to a real estate broker a document reading as follows: "You are authorized until December 13, 1924 to offer my property described below for sale . . . [at a certain price] . . . I further agree that from November 3, 1924, . . . [you] are to have sole and exclusive right to sell property described . . . for 40 days." The owner gave an option in writing on the property to a prospective purchaser on December 13, 1924, and received a deposit from him; and on February 20, 1925, conveyed the property to that purchaser. *Held*, that

(1) The words "from November 3, 1924, . . . 40 days" must be read in connection with the preceding words, "You are authorized until December 13, 1924," and clearly showed that November 3 was included within the forty days;

(2) The period of forty days had expired when the owner gave the option to the prospective purchaser;

(3) Even if the broker had an exclusive agency, which was not decided, the period during which such exclusive agency was to exist had expired when the owner gave the option to the purchaser;

(4) In an action by the broker against the owner for a commission, it was proper to order a verdict for the owner.

CONTRACT to recover a commission alleged to be due the plaintiff as a real estate broker. Writ dated May 1, 1925.

In the Superior Court, the action was tried before *Whiting*, J., by whose order a verdict was entered for the defendant. The plaintiff alleged exceptions.

*C. S. Tilden,* for the plaintiff.

*R. P. Berle,* (*H. Cohn* with him,) for the defendant.

PIERCE, J.   This is an action of contract to recover a commission alleged to be due from the defendant to the plaintiff, as a broker, for the sale of real estate in Concord, New Hampshire.   The facts as they appear in the bill of exceptions of the plaintiff are in substance as follows: The defendant, who was the owner, on or about September 15, 1924, had a talk with an agent of the plaintiff wherein he gave him a description of the property.   On October 29, 1924, the defendant gave the plaintiff an unsealed document signed by him alone.   A copy of this instrument is made a part of the bill of exceptions.   The parts material to the issue here presented read: "Gentlemen: You are authorized until December 13, 1924 to offer my property described below for sale . . . Net Price $87500 . . . I agree that if a sale or exchange is made on the above described property by you or through your efforts, to accept the net price quoted above, Chamberlain & Burnham, Inc., to have all they secure above that figure. . . . I further agree that from November 3, 1924, Chamberlain & Burnham, Inc., are to have sole and exclusive right to sell property described above for 40 days."   Thereafter, on November 3, 1924, the plaintiff wrote the S. S. Kresge Company, describing the said property, recommending it as a location and good property for the company to purchase, and stating that it had exclusive handling of the property.   The plaintiff received a reply from the S. S. Kresge Company, dated November 7, 1924, and signed "G. A. Schillings, Real Estate Department."   On November 14, 1924, Schillings called at the plaintiff's office in Boston, talked with the plaintiff's manager, and as a result agreed to meet the agent of the plaintiff at the defendant's store in Concord.   Schillings met the agent as agreed, and with him looked at various pieces of real estate in the neighborhood, estimated, by timing with a watch, the number of people going by the property in question, talked comparative prices for which other property in the neighborhood had been sold, and discussed in a general way the desirability of the Cohn property for the S. S. Kresge

Company. Schillings, desiring to examine the basement without having it known that he was a possible buyer, left the agent outside and went in alone. After a second visit he told the agent "he would stay over night and talk with Cohn," and that if he decided to buy the property he would communicate further.

Soon after, Schillings went direct to the defendant and talked about a lease to S. S. Kresge Company or a sale to some one other than S. S. Kresge Company to whom Schillings wanted to propose a sale. Without further communication with the plaintiff, on December 13, 1924, Schillings paid Cohn a deposit of $500 and secured a written option on the property at a price of $81,500; and under this price the property was conveyed to S. S. Kresge Company on February 20, 1925. Schillings told the defendant "he was not dealing through or because of any broker and that he never bought property through brokers." Although the defendant knew that Schillings was connected with the real estate department of S. S. Kresge Company, there was no evidence that he knew Schillings was the plaintiff's customer. The plaintiff never received any offer as high as $87,500 for the property. At the close of all the evidence, the trial judge on a written motion directed a verdict for the defendant and the plaintiff duly excepted.

The record does not disclose that the defendant acted otherwise than in good faith and without knowledge of the negotiations between the plaintiff and the S. S. Kresge Company; and it does disclose that the plaintiff had not procured a customer who would have paid $87,500 or more at any time prior to December 13, 1924, or within forty days from "Nov. 3, 1924."

In the absence of an agreement conferring the "sole and exclusive right to sell [the] property," the plaintiff admits that the defendant, in the absence of bad faith, could have revoked its authority to sell the property in the midst of its negotiations with a possible or probable purchaser, without liability to answer in damages for the breach of an implied agreement, or in *quantum meruit* for the value of the services rendered. *Pagum* v. *White*, 259 Mass. 437.

The plaintiff contends, however, that on the special facts it is entitled to recover on the *quantum meruit* count of its declaration the sum it should receive as commission had the offer contained no provision as to a net price commission, and it had procured an accepted customer who paid the defendant the price the property was sold for; and bases this on the contention that the offer to give the plaintiff the sole and exclusive right to sell the property for forty days from November 3, 1924, became a contract between the parties which was supported by a valuable consideration when the plaintiff, in reliance upon the promise of an exclusive and sole right to sell the property, spent time and skill in an attempt to procure the customer who in fact purchased the property of the defendant. And as a corollary, the plaintiff further contends that the defendant within the forty days cannot be relieved of the obligation, by effecting a sale to a purchaser found and stimulated to the purchase by the effort of the plaintiff, even though the defendant had no actual knowledge that the plaintiff was the procuring cause, and in all that he did acted in entire good faith.

The question thus raised seems never to have come directly before this court; but, assuming that the acts of the plaintiff established an acceptance of and furnished a consideration for an offer of the defendant, the case presented is the usual one where parties are bound by the terms of their own contract and cannot be relieved from a bad bargain because the agreement may be foolish and improvident. *Ward* v. *Fletcher*, 124 Mass. 224. *Des Rivieres* v. *Sullivan*, 247 Mass. 443, 446. *Pagum* v. *White, supra.*

Receiving, without deciding, the contention of the plaintiff as to the law which is applicable to the decision of the case at bar, the plaintiff is not entitled to recover against the defendant in any form of action, for the reason that the grant to the plaintiff of forty days from November 3, 1924, within which he was promised the sole and exclusive right to sell the property had expired when the defendant sold the property on December 13, 1924. In ascertaining the date of the expiration of the period of forty days from November 3, 1924, the general rule would require the exclusion of the day

of the commencement of the given right, and so reckoned the time would be completed at the close of December 13, 1924; but the general rule excluding the first day in the commencement of a period of time yields to the words of the offer, "You are authorized until December 13, 1924," if the quoted words show the defendant had a different intention. *Bemis v. Leonard,* 118 Mass. 502, 506. The intention of the defendant to include November 3, 1924, in the reckoning of the forty days is clearly manifested in the offer of the defendant to the plaintiff.

It follows that the time granted the plaintiff had ceased by its own limitation when the defendant contracted to sell the property, and there has been no breach of any obligation by the defendant.

*Exceptions overruled.*