### AUGUST LAINE *vs.* HJALMAR AARNIO.

Worcester.    September 26, 1928. — December 22, 1928.

Present: RUGG, C.J., PIERCE, CARROLL, WAIT, & SANDERSON, JJ.

*Equity Pleading and Practice,* Appeal. · *Time. Equity Jurisdiction,* Specific performance.

In computing time from a date named in an instrument or statute, or from the day of the date, or from a certain act or event, the day of that date is to be excluded unless a different intention is manifested by the instrument or statute under which the question arises.

An appeal filed on February 20 from a final decree entered in a suit in equity on January 31 is filed seasonably.

If the averments in a bill in equity are that the plaintiff purchased from the defendant an interest in a barber business in a city, that the defendant agreed in the bill of sale "not to start a new barber business" in a certain district in the city, and that, in violation of that agreement, he had started and opened up a new barber business in the prohibited district and was conducting and operating it, and, orally and through the newspapers, had sought the custom of his patrons in the former business for the new place, and that pecuniary loss to the plaintiff had resulted; and the prayers of the bill are that the defendant be restrained from "operating his newly opened barber shop" in the district named, that he be ordered to pay damages and costs, and for further relief, the bill seeks specific performance of the agreement and not merely nullification of the particular acts done in violation· of its terms.

Upon proof of the averments of the bill in equity above described, it was proper to enter a final decree restraining the defendant (1) from "starting or setting up or assisting to start or set up directly or indirectly a

new barber business" in the prohibited district; (2) "conducting directly or indirectly or taking part in conducting, either as owner, employee, or otherwise or being financially interested in" a new barber shop business opened by him after the agreement in the prohibited district; (3) "transferring possession, ownership or control of" such new barber shop business "or the equipment and personal property used in connection therewith in any manner which will permit the carrying on by others of said new barber shop business, or the use of said equipment, furniture and fittings in a new barber shop business" in the prohibited district.

BILL IN EQUITY, filed in the Superior Court on October 3, 1927, and described in the opinion.

The suit was referred to a master and, after the filing of the master's report, was heard by *Hammond*, J., by whose order there were entered an interlocutory decree confirming the master's report and the final decree quoted in the opinion. The defendant appealed.

*J. G. Annala*, for the plaintiff.

*S. M. Salny*, for the defendant.

WAIT, J.   The appeal in this case was not filed too late. The decree was entered on January 31, 1928, and the appeal was filed on February 20.   The early cases like *Wheeler* v. *Bent*, 4 Pick. 167, and *Butler* v. *Fessenden*, 12 Cush. 78, which seem to state as our rule of practice that where computation of time is to be reckoned from an act or event the day of the act or event is to be included in the reckoning, have long been discredited and the true rule, as set out in *Bemis* v. *Leonard*, 118 Mass. 502, 506, that "in computing time from the date, or from the day of the date, or from a certain act or event, the day of the date is to be excluded, unless a different intention is manifested by the instrument or statute under which the question arises," is established as law.   *Seward* v. *Hayden*, 150 Mass. 158.   *Tuttle* v. *Boston*, 215 Mass. 57, 60.   *Chamberlain & Burnham, Inc.* v. *Cohn*, 261 Mass. 322.   *Grant* v. *Pizzano*, 264 Mass. 475. *Dutton* v. *Bennett*, 262 Mass. 39.   The appeal was filed within twenty days after the entry of the decree.

The defendant questions only whether the decree is not too broad for the case stated in the bill.   The bill set out, in substance, that the defendant sold to the plaintiff his one-

half interest in a barber's business in Fitchburg and in property used in that business, and agreed in the bill of sale "not to start a new barber business in said Fitchburg, around what is known as the upper common but I have the right to buy an existing business"; that, in violation of that agreement, he had started and opened up a new barber business around the upper common, and was conducting and operating it, and, orally and through the newspapers, had sought the custom of his patrons in the former business for the new place; that pecuniary loss to the plaintiff had resulted. It prayed an injunction restraining the defendant, his servants and agents, from "operating his newly opened barber shop" around what is known as the "Upper Common, in said Fitchburg"; that he be ordered to pay damages, and costs, and for further relief.

The decree awarded $1 as damages, $53.50 as costs, and restrained the defendant (1) from "starting or setting up or assisting to start or set up directly or indirectly a new barber business . . . around what is known as the Upper Common in . . . Fitchburg"; (2) "conducting directly or indirectly or taking part in conducting, either as owner, employee, or otherwise or being financially interested in the new barber shop business opened by him on September 23, 1927, at No. 776 Main Street, in said Fitchburg"; (3) "transferring possession, ownership or control of the new barber shop business opened by him on September 23, 1927, at No. 776 Main Street in said Fitchburg, or the equipment and personal property used in connection therewith in any manner which will permit the carrying on by others of said new barber shop business, or the use of said equipment, furniture and fittings in a new barber shop business around what is known as said Upper Common in said Fitchburg."

Even if it could be said that this decree goes beyond restraining him from "operating his newly opened barber shop around . . . the Upper Common," which we do not mean to assert, it, manifestly, does not go beyond the prayer for general relief; for it simply makes explicit what is implied in the agreement, which the bill sets out, complains has been

violated in specified ways, and asks the court to make plain and enforce. Such a bill asks specific performance of the contract. It does not seek merely nullification of the particular acts done in violation of its terms. *Edgecomb* v. *Edmonston*, 257 Mass. 12, 18.

The decree leaves the defendant free to work as a journeyman barber in any shop around the upper common which he has not himself set up, directly or indirectly, in violation of his agreement. It leaves him free to buy any business existing there, which he has not himself, directly or indirectly, brought into existence. He cannot complain if he is forbidden to work in a new business established, though indirectly, by him; nor if, having created a new business there, he is hampered to some extent in disposing of what he has wrongfully put into it, and thus prevented from inflicting injury upon the plaintiff which he had contracted not to inflict. No restraint has been imposed which has not been shown to be necessary to meet conduct of the defendant injurious to the plaintiff and in derogation of the contract.

We find nothing in *Gamwell* v. *Bigley*, 253 Mass. 378, *Donahue* v. *White*, 247 Mass. 479, or the other cases cited by the defendant, which requires a different conclusion.

The order must be

*Decrees affirmed with costs.*