JACOB LOZA *vs.* MICHAEL OSMOLA.

Essex.    February 3, 1932. — May 19, 1932.

Present: RUGG, C.J., CROSBY, WAIT, SANDERSON, & FIELD, JJ.

*Mortgage,* Of personal property: foreclosure. *Notice. Time. Practice, Civil,* Election, Requests, rulings and instructions, Appeal.

Under a chattel mortgage empowering the mortgagee to sell the property after giving the mortgagor five days' notice, a notice of a sale to be held at 10:30 A.M. on Saturday, November 1, was given within the time specified where it was served upon the mortgagor at 4:50 P.M. on October 27.

One foreclosing a chattel mortgage is not required to make entry on the premises where the mortgaged property is kept, or to take possession thereof, or to make demand, where those things are not required by the terms of the mortgage.

There was no bad faith in the foreclosure of a chattel mortgage where it appeared merely that the mortgagee, who, by the terms of the mortgage, had the option either to give the mortgagor notice of the foreclosure sale in writing or to publish a notice, gave a proper notice to the mortgagor, but did not make publication; that only three bidders bid at the sale, at which the property, although worth $1,800, was sold for $300; and that the mortgagor, who used the mortgaged property in a restaurant conducted by him, was forced out of that business by the foreclosure.

Where the plaintiff in an action of contract or tort in a district court did not claim a report of an order requiring him to elect between a count in contract and a count in tort, under which he elected to rely on the count in contract, he was not entitled to object to the order, or to the refusal by the trial judge to give rulings relating to the count in tort, at the argument of an appeal from an order by the Appellate Division dismissing a report respecting other rulings by the trial judge, who found for the defendant.

CONTRACT OR TORT. Writ in the District Court of Lawrence dated November 1, 1930.

The count in tort was for conversion of certain property in a restaurant conducted by the plaintiff. The count in contract contained allegations that the defendant improperly foreclosed a chattel mortgage upon such property, whereby the plaintiff was deprived of such property and "was put out of business"; and that the defendant "knew at the time of said foreclosure sale as aforesaid that the consequences thereof would be to put the said plaintiff out of business as aforesaid and otherwise greatly damage the said plaintiff."

At the hearing of the action in the District Court by *Chandler*, J., the plaintiff elected to rely on the count in contract. Material evidence is stated in the opinion. The judge found for the defendant and reported the action to the Appellate Division for the Northern District. The report was ordered dismissed and the plaintiff appealed.

*R. A. Comparone*, for the plaintiff.

*M. Goldstein*, for the defendant.

WAIT, J. The plaintiff sued in contract or tort for damage caused by the foreclosure of a personal property mortgage. At the trial he was required to elect between the tort and contract counts. He elected to rely on the count in contract. He did not claim an exception or re-

quest a report by the judge in regard thereto. The mortgage contained a power of sale that, on default, the holder "may sell the said goods and chattels at public auction, first giving five days notice in writing of the time and place of sale to me [the mortgagor] or my representatives or publishing such notice once a week for three successive weeks in some newspaper, published in said Lawrence." It contained no requirement of entry or demand for possession. There was breach of condition of the mortgage; and at 4:50 P.M. on October 27, 1930, written notice was served on the plaintiff that sale to foreclose the mortgage would be made at 10:30 A.M. on Saturday, November 1, 1930. No notice by publication was given. No entry upon the premises where the mortgaged goods were kept, and no possession of the goods was made, nor was demand made for either. At the sale only three bidders took part. The highest and successful bid was $300 for property which on the evidence could be found to be worth $1,800. A finding would be warranted that the plaintiff was put out of business by the sale. The plaintiff moved for finding in his behalf for the reasons "a. The power of sale was improperly executed as a matter of law. b. There was no entry or demand for possession made by the defendant prior to the sale. c. The defendant did not conduct said sale in good faith." This was denied. He also filed fourteen requests for rulings, of which four were granted, and the rest denied. Exception was claimed to the denial of the motion and to the refusals to rule as requested. The Appellate Division dismissed a report.

The plaintiff's main contention is that the notice to foreclose did not comply with the requirement of the mortgage that five days' notice be given of a foreclosure sale. In the computation of time our law has accepted as its rule of practice that fractions of a day will be disregarded unless special circumstances or clear expression of intent to the contrary appears, *Wiggin* v. *Peters*, 1 Met. 127, *Stevenson* v. *Donnelly*, 221 Mass. 161, *Burnet* v. *Willingham Loan & Trust Co.* 282 U. S. 437, and that when service is to be made or notice given the day of the notice or service

is to be included in the computation of time. *Bigelow* v. *Willson*, 1 Pick. 485. *Butler* v. *Fessenden*, 12 Cush. 78. *Bemis* v. *Leonard*, 118 Mass. 502, 507. *Lane* v. *Holman*, 145 Mass. 221. Consequently, here, so much of October 27, 1930, as remained after four-fifty o'clock in the afternoon counted as one day; October 28, 29, 30 and 31 counted as four days, and, thus, on November 1, 1930, the plaintiff had had five days' notice of the sale to take place at ten-thirty o'clock of the forenoon of that day. *Freed* v. *Rosenthal*, 231 Mass. 357, 361. *Laine* v. *Aarnio*, 265 Mass. 374.

Nothing in the mortgage deed made entry and possession, or demand for either, a condition of valid foreclosure by sale. Nor does the law require either. The case of *Roarty* v. *Mitchell*, 7 Gray, 243, relied upon by the plaintiff, relates to foreclosures of mortgages of real estate and is not in point nor controlling here. All that the law demands is compliance with the conditions imposed by the mortgage including statutory requirements embodied expressly or impliedly therein, and the exercise of good faith in conducting the sale. *Antoine* v. *Commonwealth Trust Co.* 266 Mass. 202. Here there was no evidence of bad faith. The small number of bidders, the possibly inadequate sum realized from the sale, the failure to give notice by publication where option to give written notice existed, neither singly nor in combination established lack of good faith. *Wing* v. *Hayford*, 124 Mass. 249. *Lipson* v. *Goldstein*, 212 Mass. 144, *Gadreault* v. *Sherman*, 250 Mass. 145, 150. Where the property mortgaged constituted the equipment of a restaurant, any sale on foreclosure must have been contemplated as probably putting an end to the mortgagor's business. The exercise of the right is no evidence of bad faith and no proof of special damage.

The plaintiff has no standing to object now to the requirement that he elect between his counts of tort and contract. He neither excepted nor claimed a report. We need not discuss it.

We see no advantage of which he has been unjustly deprived. Having waived his first count, he had no right to insist on requests for instructions based upon it. The judge

was right in refusing to rule that five days' notice had not been given. No evidence required a ruling that there had been bad faith in the foreclosure, or defect in the defendant's exercise of his right. The judge gave the requests to which the plaintiff was entitled. No error appears.

*Order of Appellate Division affirmed.*