THE SECOND NATIONAL BANK OF MALDEN *vs.* JOHN F. LEARY & another.

Middlesex.   October 6, 1933. — October 25, 1933.

Present: RUGG, C.J., CROSBY, PIERCE, DONAHUE, & LUMMUS, JJ.

*Practice, Civil,* Parties, Service of process, Exceptions, Abatement, Jury claim. *Summary Process. Time.*

In an action of summary process in the Superior Court, the defendant filed an answer in abatement. The defendant objected to the case being heard on the matters in abatement by a judge without a jury. At such a hearing, the matters averred in abatement were adjudged insufficient as a matter of law and the defendant alleged an exception. The case then came on for hearing on the merits before a second judge and a jury, the defendant again objecting and urging that he was entitled to a trial by jury on the issue of fact raised by his answer in abatement. The parties then agreed in substance to facts showing a right in the plaintiff to recover a verdict for possession, the defendant reserving the right to object because there was no hearing of facts averred in abatement and a verdict for the plaintiff was or-

dered. No bill of exceptions saved before the first judge was filed. A bill of exceptions was allowed by the second judge. *Held*, that

(1) No question of law raised before the first judge was before this court;

(2) The exception, saved before the second judge, to trial on the merits before a trial of facts averred in the plea in abatement, did not raise anew the exception saved before the first judge;

(3) There being no exception before this court to the ruling by the first judge that the matter averred in abatement was insufficient as a matter of law, that question was finally disposed of.

In law there is no reason why two may not be joined as parties defendant in summary process.

In computing time as to the service of process, the day on which process is served is counted as one day of the term at the expiration of which the writ is returnable.

While questions of fact raised by an answer in abatement may be tried to a jury if a trial by jury is seasonably claimed, an exception to a refusal to permit such facts to be tried by a jury must be overruled where it appears that the facts alleged are insufficient in law to support the plea.

SUMMARY PROCESS. Writ in the First District Court of Eastern Middlesex dated November 26, 1932.

Proceedings in the District Court and, on appeal to the Superior Court, before *Pinanski*, J., without a jury, and *Gibbs*, J., with a jury, are described in the opinion.

*H. A. Weitz*, for the defendants.

*A. P. Hardy*, for the plaintiff.

RUGG, C.J. This is an action of summary process for the possession of described premises and was brought in a district court. The writ was dated and served on the defendants on November 26, 1932, which was Saturday, and was returnable a week later on Saturday, December 3, 1932. Each defendant answered in identical form (1) a general denial, (2) a special denial of holding the premises unlawfully and of the right of the plaintiff to the possession of the premises and in abatement setting up, (3) that they were improperly joined as parties defendant, and (4) that the officer's return showed upon its face that sufficient service of the writ had not been made. The defendants in their answer began by stating defences to the merits of the case and ended with setting up matter in so called abatement "so that the defendant had, in the phrase of Lord Coke, 'misordered' his pleas, and thereby lost the benefit of his plea in abatement." *O'Lough-*

*lin* v. *Bird*, 128 Mass. 600, 602. This point has not been raised by the plaintiff and need not be considered. Judgment was entered for the plaintiff and the defendants appealed. When the case was reached for trial in the Superior Court in a session with a jury it was ordered by the judge that the case be transferred to a session presided over by another judge without a jury. No exception was taken to this order. When the pleas in abatement came on for hearing before the second judge, objection by the defendants on the ground that they were entitled to have the issues of fact raised in their answers in abatement tried by a jury was overruled subject to exception. The pleas in abatement were then heard by the second judge who ruled that so far as the matters therein set up were in abatement they were insufficient and were overruled. To this ruling the defendants excepted. Thereupon the case was ordered to trial on the merits before the first judge. When reached for trial before the first judge and a jury, the defendants· objected, urged that they were entitled to a trial by jury on the issue of fact raised by their answers in abatement, and "in connection with this objection and exception" (as stated in the exceptions) made an oral agreement. That agreement made by counsel for both parties was to facts showing a right in the plaintiff to recover verdict for possession, that on the day of the service of the writ both defendants were occupants of the premises, subject however to reservation of rights by counsel for the defendants "to having the merits heard at this time, prior to the final and ultimate disposition of what he calls his pleas in abatement." Verdict was directed accordingly in favor of the plaintiff for possession. The bill of exceptions was allowed by the first judge (who also ordered the verdict on the merits) and never appears to have been presented to the second judge who made the rulings concerning the answers in abatement. It does not appear that any separate bill of exceptions was filed touching those rulings.

This was irregular. The exceptions argued relate to the rulings made by the second judge. Although exceptions were taken to those rulings, he has allowed no bill of exceptions and so far as appears none was filed for presentation to

him. Exceptions to rulings made by one judge cannot be allowed by another judge except in restricted and specified instances of which this is not one. *Brooks* v. *Shaw,* 197 Mass. 376, 378. Those exceptions are not rightly here.

The exception to trial on the merits before the disposition of the pleas in abatement does not raise anew the earlier exceptions. The pleas in abatement had been finally disposed of by the second judge who had ruled that they were insufficient and that the defendants were not entitled to trial by jury on them. Moreover, it would have been unseemly and improper for another judge of the Superior Court to attempt to reverse him or to make a different decision. Rightly no such course was attempted by the first judge respecting the rulings and decision made by the second judge. *Barringer* v. *Northridge,* 266 Mass. 315, 320.

If, however, the exceptions argued be treated as before us there was no error. The so called answers in abatement raised no questions of fact. The first was that there was misjoinder of defendants. It affords no information to the plaintiff whereby to correct its writ. No facts are pleaded. No reference is made to anything outside the record. In law there is no reason why two may not be joined as parties defendant in summary process. Two persons may be in possession of premises holding the same unlawfully and against the right of the plaintiff. If the plaintiff should be unable to prove its allegations in this particular as to one or the other, such defendant would be entitled to judgment on the merits but not as matter of abatement. This was not properly a plea in abatement. See *Cunningham* v. *Davis,* 175 Mass. 213, and *McGillicuddy* v. *Devlin,* 279 Mass. 194, where two were made defendants in a similar proceeding. The agreed facts on the merits show that "both defendants were occupants of the premises" on the day of the date and service of the writ.

The second answer in abatement was that sufficient service of the writ was not made upon the defendants. It is provided by G. L. (Ter. Ed.) c. 223, § 27, that "An original writ issued by a district court . . . shall be served not less than seven . . . days before the return day." In computing

time as to the service of process, the day on which process is served is counted as one day of the term at the expiration of which the writ is returnable, *Butler* v. *Fessenden*, 12 Cush. 78, *Loza* v. *Osmola*, 279 Mass. 220, 222, Sunday is also included, *Cooley* v. *Cook*, 125 Mass. 406, 408, *Stevenson* v. *Donnelly*, 221 Mass. 161, 164, and fractions of a day will be disregarded. *Loza* v. *Osmola*, 279 Mass. 220, 222. There is nothing at variance in *Laine* v. *Aarnio*, 265 Mass. 374, or in *Roman Catholic Archbishop of Boston* v. *Board of Appeal of Boston*, 268 Mass. 416. No question of fact was raised on this branch of the plea. It related to a matter wholly disclosed on the record.

Questions of fact raised by plea in abatement may be tried to a jury if seasonably claimed. *Oliver Ditson Co.* v. *Testa*, 216 Mass. 123. *White* v. *E. T. Slattery Co.* 236 Mass. 28. But here no questions of fact were raised. There was no error in the rulings.

There was no error in directing a verdict for the plaintiff for possession. No other verdict was legally possible on the facts agreed.

*Exceptions overruled.*