12

JOSEPH DURSTIN

*vs.*

FREDERICK I. DODGE, DORIS A. LOBLEY and KENNETH SMALL.

Kennebec.    Opinion, May 28, 1941.

*Edmund S. Muskie,* for plaintiff.

*H. C. Buzzell and Clyde R. Chapman,* for defendants.

SITTING: STURGIS, C. J., THAXTER, HUDSON, MANSER, WORSTER, MURCHIE, JJ.

WORSTER, J.   On exceptions. This is an action on a statutory six-months' bond, executed pursuant to the provisions of R. S., Chap. 124, Sec. 49.

The only record presented is a copy of the bond and bill of exceptions, from which it appears, in substance and effect, that the action was heard by the presiding justice without the assistance of a jury, with right of exceptions reserved on questions of law, upon the agreement that if the citation hereinafter mentioned was seasonably served upon the plaintiff, then judgment should be rendered for the defendants; otherwise for the plaintiff.

The justice ruled that the citation was not seasonably served, and found for the plaintiff, and the matter is brought here on the defendants' exceptions.

It appears from the recitals in the bond that Frederick I. Dodge, one of the defendants, in order to procure his release from arrest on an execution which had been issued against him in favor of the plaintiff, gave him this bond, with the other defendants as sureties thereon.

Within the time limited in the bond, pursuant to its terms, and in accordance with the provisions of R. S., Chap. 124, Sec. 51, said Dodge applied for the benefit of the oath prescribed in

Section 55 of that chapter. If the proceedings therefor were valid, and the oath administered to him, as provided by statute, then the terms of the bond have been complied with, and the plaintiff cannot recover. But, in order to show that there was a valid hearing on the application made by Dodge for the benefit of such oath, it must appear that he caused to be served on the plaintiff "fifteen days at least before the time appointed for the examination" of the execution debtor, a citation to attend the examination as required by Section 52 of said chapter.

In the instant case, according to the bill of exceptions, it "was agreed that the officer made service of the citation on the creditor on December 29, 1939, for a hearing at two o'clock in the afternoon of January 13, 1940. The return of the officer serving the citation states no hour of the day on which the citation was served. At the hearing of the suit on the bond, the officer was permitted to testify that, in fact, the citation was served at about eleven o'clock in the afternoon of December 29th."

It is the contention of the plaintiff that, in proceedings arising under the poor debtor law, the words "day" and "twenty-four hours" are used synonymously.

In support of his contention, he calls our attention to R. S., Chap. 124, Sec. 4. But that does not assist us in solving the problem presented. There it is provided that a debtor, desiring to disclose after his arrest on a civil process under certain circumstances, must give notice of his intention so to do, to his creditor, "not . . . less than one day for every twenty miles' travel . . ."

It is apparent that the Legislature intended that not less than a full day's notice should be given in proceedings under that section. The words "not . . . less than one day" cannot be construed in any other way. But there is nothing in Section 52 to indicate that the Legislature intended that each of the required "fifteen days" should be a full day.

Plaintiff also calls our attention to R. S., Chap. 124, Sec. 24, as amended by Public Laws 1933, Chap. 239, which requires a

subpoena to be served on a debtor in disclosure proceedings brought against him "at least 24 hours before the time of said disclosure for every 20 miles' travel . . ." The fact that at least a twenty-four hour notice is required under this section has no tendency to show that a fifteen-day notice of twenty-four hours each is required under Section 52.

The plaintiff relies on *Fenlason* v. *Shedd et al.*, 109 Me., 326, 84 A., 409; *Westbrook Manufacturing Company* v. *Grant*, 60 Me., 88; and *Windsor* v. *China*, 4 Me., 298.

*Fenlason* v. *Shedd et al.*, was an action of trespass for an alleged illegal arrest for non-payment of taxes. The statute there provided that "if a person so assessed, for twelve days after demand, refuses or neglects to pay his tax and to show the constable or collector sufficient goods and chattels to pay it, such officer may arrest and commit him to jail . . ." The court held that the tax debtor could not lawfully be arrested until twelve full days had expired after the day of demand. That case is not in point here, but falls within the rule that where a person is given a certain number of days after an event in which to perform an act, he has up to the last minute of the last day in which to perform it. And so, of necessity, he is entitled to the required number of full days. See 26 R. C. L., pages 734, 744.

In *Westbrook Manufacturing Company* v. *Grant*, supra, the question was whether the attachment of the debtor's property made at 7 P.M., March 8, 1867, was dissolved by his bankruptcy proceedings commenced at 2:50 P.M., July 8, 1867. The court held that 2:50 P.M., March 8, was four months prior to 2:50 P.M., July 8, and since the attachment was not made until 7 P.M., on March 8, it was within the four-month period, and was dissolved by the express provisions of the Bankruptcy Act.

It was there pointed out that the maxim that there is no fraction of a day is a self evident fiction, which is never allowed to operate against the right and justice of the case, and, therefore, does not apply to proceedings in bankruptcy, where the exact time the event occurred is made certain by the record.

But there is nothing in that decision to indicate that that maxim should not be applied in computing time of service of legal process. On the contrary, the court said:

"It is undoubtedly a very useful maxim when properly applied, as in the service of legal precepts and notices generally . . . as it avoids the inconvenience of endeavoring to ascertain with precision at what hour of the day the precept or notice was served . . ."

That case does not support the plaintiff's position. It is a general rule that where conflicting claims of rival creditors depend upon priority of attachments made on the same day, or depend upon the exact time of the attachment as shown by the record, a day is not considered an indivisible point of time, but the exact hour must be considered in determining their respective rights. 26 R. C. L., page 737.

In the instant case, however, there are no conflicting claims to attached property, for no property was attached.

In passing, it is to be noticed that in *Westbrook Manufacturing Company* v. *Grant*, supra, the court apparently overlooked the statutory method of reckoning time in such a case. Under the Bankruptcy Act, the whole of July 8 should have been excluded, and the whole of March 8 included, but even if the time had been computed according to that rule, the result would have been the same. *Jones* v. *Stevens*, 94 Me., 582, 48 A., 170.

*Windsor* v. *China*, supra, was an action to recover for pauper support. The question was whether the defendant's written objection given to the plaintiff just before sunset on December 20, 1823, was given "within two months after" 10 A.M., October 20, 1823. It was held that the last named date should not be counted because expressly excluded by the word "after," as used in the statute. We are not concerned here with the effect of the word "after." Section 52 requires the citation to be served "fifteen days at least before the time appointed for the examination" of the debtor.

There is considerable conflict of authority as to the method of computing time where a process or notice is required to be served a certain number of days before the return day. There are decisions to the effect that both the day of service and the return day are excluded in numbering the days, but, unless required by statute, this method of computation gives the person served "parts of both those days beyond the time required by law" (*Bemis* v. *Leonard,* 118 Mass., 502, 507). By the weight of authority, in the absence of statute to the contrary, the whole of one of these days is counted, without regard to fractions of a day. 19 Encyc. Pleading & Practice, page 602; 8 Encyc. Law (2d ed.) page 739, and note entitled "Service of Process, Notices, or Pleadings" on page 740; see 21 R. C. L., page 1273; 62 C. J., page 996; *Second National Bank* v. *Leary,* 284 Mass., 321, 187 N. E., 611.

The method of computing time in such a case as this is not regulated by the Maine statute, and it is unnecessary to decide whether the day on which the service was made should be excluded from the computation, and the return day counted, or vice versa. For, whichever of these methods is adopted, it will be found that there were fifteen days' service of the citation. That the service was made at 11 P.M., is immaterial, for civil process may be lawfully served in the night-time. 21 R. C. L., page 1273; See *State* v. *Bennett,* 95 Me., 197, at page 200, 49 A., 867.

The fact that Section 52 requires the citation to be served fifteen days *at least* before the time appointed for the examination, does not call for the application of any different rule in reckoning the time. The use of the words "at least" is no indication of a legislative intent that a fifteen days' notice of twenty-four hours each must be given. The words "fifteen days at least" mean only that at least fifteen days' notice must be given, computed in the manner in which time is usually reckoned in connection with service of process. *Stroud* v. *Consumers' Water Co.,* 56 N. J. L. (27 Vroom) , 422, 28 A., 578.

In *Stroud* v. *Consumers' Water Co.,* supra, it was held that a

notice given June 24, of an election to be held June 30, was seasonable under a statute requiring such notice to be published *at least* six days previous to the day of election.

In *Second National Bank* v. *Leary*, supra, the court decided that a writ returnable December 3 was properly served on November 26, under a statute which required it to be served "not less than seven . . . days before the return day."

And in *Loza* v. *Osmola*, 279 Mass., 220, 181 N. E., 125, it appears that the mortgagee was authorized, under the terms of the mortgage, to sell the mortgaged property at public auction "first giving five days notice in writing" to the mortgagor. It was decided that a valid sale of the property was held at 10:30 A.M., November 1, pursuant to a notice given at 4:50 P.M., October 27.

But, the plaintiff contends, in effect, that Section 52 requires a notice of fifteen days at least before the *time* appointed for examination, instead of before the day of examination; that time refers to the exact hour set for the hearing, and he argues that he was entitled to the equivalent of fifteen days' notice of twenty-four hours each before that hour. We think otherwise. *In re Espinosa's Estate and Guardianship*, 179 Cal., 189, 175 P., 896.

A similar contention was denied by the Michigan court, although it was conceded that under the law of that state the result would have been otherwise had the statute required the citation to be served a certain number of days before the *day* of hearing. *In re Miller's Estate*, 173 Mich., 467, 139 N. W., 17.

In the case last cited, it was held that a citation to appear at the probate court on September 18 was seasonably served on September 4, under a statute which required it to be served "not less than fourteen days before the time so appointed." Evidently there is a misprint in 139 N. W., on page 18, where the date of hearing appears as "September 17th." See the report of the case in 173 Mich., 467, and the statement concerning the case in *Ehinger* v. *Graham*, 155 N. W., 747, page 749.

*In re Miller's Estate,* the court said:

"It is contended that, under the rule laid down by the court for the computation of time in such cases, this statute requires 14 full days before the day of hearing. We think counsel is in error in this contention. Had the statute provided that the citation should be served 14 days before the *day* of hearing instead of 14 days before the *time* of hearing, it would have required a service of 14 full days."

So a summons returnable February 18 was seasonably served February 12, under a statute which required it to be served "at least six days before the time of appearance mentioned therein." *Chaddock* v. *Barry,* 93 Mich., 542, 53 N. W., 785, 18 L. R. A., 337.

Notice of a hearing to be held by the state board of assessors on May 18 was seasonably published on May 13, under a statute which required the notice to be published "at least five days before the time at which such assessor is required to appear." *City of Port Huron* v. *Wright,* 150 Mich, 279, 114 N. W., 76.

The citation was seasonably served in the instant case, and the defendants' exceptions must be sustained.

*Lane* v. *Holman,* 145 Mass., 221, is not inconsistent with this conclusion, for the statute there construed is unlike the Maine statute. The Massachusetts statute required notice to be served on the debtor "allowing not less than three days before the time fixed for the examination, and at the rate of one day additional for every twenty-four miles' travel." It was held that a notice served on the debtor at Worcester at 10 A.M., November 17, to appear for examination at 9 A.M., November 20, at Clinton, fifteen miles distant, was not seasonably served. But, it is perfectly apparent from the opinion in that case that a different result would have been reached if the statute had been like ours, with no provision for additional time for travel, for the court there said:

"If, then, the statute had not required that additional time be given for travel, the service in this case would have been sufficient . . ."

Further discussion of the cases would serve no useful purpose.

*Exceptions sustained.*