Gillen, J.
This is an action of contract in which the plaintiff seeks to recover for breach of a contract of carriage whereby a shipment of strawberries delivered by the plaintiff to the defendants in Florida on March 18, 1940, was damaged in transit to Boston.
The action was originally against the Seaboard Air Line Railway, a foreign corporation, and described in the writ as having a usual place of business in Boston in the County of Suffolk. By a motion to amend, Leigh R. Powell, Jr. and Henry W. Anderson as they are receivers of the Seaboard Air Line Railway were substituted as parties defendant, and were described in the order of personal notice as, “Leigh R. Powell, Jr. and Henry W. Anderson as they are receivers of Seaboard Air Line Railway, a foreign corporation having a usual place of business in said Boston.”
*449 The officer’s return of service on the defendants was as follows:
‘ ‘ Suffolk ss Boston, March 28,1942
I have this day notified the within named defendants, Leigh R. Powell, Jr. and Henry W. Anderson, Receivers as within described of Seaboard Air Line Railway to appear and show cause at Court as within directed by delivering to W. A. Reese its New England Freight Agent an attested copy of this precept for each.
Peter J. Fitzgerald

Deputy Sheriff

The defendants appeared specially, filed a motion to dismiss, and without waiving their special appearance and motion to dismiss, filed an answer in abatement alleging that no sufficient service of process had been made upon the defendants and praying that the writ be abated.
The motion to dismiss was as follows:
“The defendants appearing specially without submitting to the jurisdiction of the Court but expressly denying the same and solely for the purpose of contesting the alleged jurisdiction of the Court, move that this action be dismissed for want of jurisdiction for the reason that no proper service has been made upon the defendants.”
In form the answer in abatement here differs from the motion to dismiss. The answer in abatement contained many allegations not set forth in the motion to dismiss.
At the hearing of the answer in abatement evidence was introduced; and it was further agreed that the defendants are receivers of the Seaboard Air Line Railway Company, a foreign corporation; that they were appointed by the United States District Court for the Eastern District of Virginia in 1930; that the defendants are not residents of Massachusetts; that they have no railroad line in Massa *450 ehusetts and that they have not appointed any agent for the service of process upon them within Massachusetts under G-eneral Laws, chapter 227, sec. 5.
The trial judge denied the motion to dismiss and sustained the answer in abatement.
The plaintiff claims to be aggrieved by the order sustaining the defendant’s answer in abatement. The defendants claim to be aggrieved by the order denying their motion to dismiss. Both matters are considered here rather than in separate opinions.
In Paraboschi v. Shaw, 258 Mass. 531 at 532 the court said, “a motion to dismiss for want of service is proper pleading. It relates to a matter apparent on the record. It raises a pure question of law. A plea in abatement is appropriate when reliance is placed upon some fact not appearing on the face of the record which the opposite party may deny and as to which there may be a trial.”
In determining the character of the pleading device used the substance of it will be considered rather than the title it bears. Brotkin v. Feinberg, 265 Mass. 295, 298.
We have found no authority for the proposition that a party to a suit is limited to the choice of either a motion to dismiss or an answer in abatement when he seeks to attack the validity of the return of service; and he can require the trial judge to act on both forms of abatement defenses (motion to dismiss and answer in abatement) when they are legally adequate.
In the instant case the motion to dismiss and the answer in abatement were in proper form. There were facts to be tried as set forth in the answer in abatement and in this situation the proper device was used. Second National Bank v. Leary, 284 Mass. 321. The plaintiff urges, relying upon section 125 of title 28 of the United States Code as. construed by the supreme court of the United States in *451 Eddy et al., Receivers v. Lafayette, et al., 163 U. S. 456, that the defendants having been appointed receivers by the United States District Court, are therefore subject to service of process in the same manner as the foreign corporation itself would be subject to process if the action had been brought against it.
But in the instant case the return of service does not state that service was made upon an agent of the defendants but states it was made upon the New England Freight Agent of the corporation for which the defendants are receivers. Nor does the return indicate that the New England Freight Agent was an agent or officer in charge of the defendants ’ business or of the business of the Seaboard Air Line Railway. Sections 37 and 38 of chapter 223 of the general laws require that while service may be made on foreign corporations in accordance with the provisions as to domestic corporations this service must be made upon the president, treasurer, clerk, cashier, secretary, agent or other officer in charge of its business. It does not appear that service was made on the agent in charge of the business. United Drug Co. v. Cordley and Hayes, 239 Mass. 334. Zani v. Phandor Co., et al., 281 Mass. 139. On the basis of the evidence introduced on the matter of the answer in abatement the trial judge if he had the right to consider it to perfect a bad return was not compelled to conclude that the description of the agent in the return meant that he was the agent in charge of the business. Furthermore we hold insofar as the motion to dismiss is concerned that the return apart from the evidence did not warrant a conclusion that the New England Agent was an agent in charge of the business of the corporation and there was therefore an insufficiency apparent on the return of service. General Laws, chapter 227, section 1, reads as follows:
*452 “A personal action shall not be maintained against a person not an inhabitant of the Commonwealth unless he or his agent appointed under section five has been served with process in the Commonwealth or unless an effectual attachment of his property within the Commonwealth has been made upon the original writ ...”
It is obvious from the officer’s return that no service has been made upon these individual defendants and that no attachment of their property was made; nor does it appear that they appointed a citizen and resident of this Commonwealth to be their lawful attorney upon whom all lawful processes might be served as required by G. L. chapter 227, section 5. The return of service here is ambiguous and indefinite.
The authority of a freight and passenger agent has been held to be very limited in Fletcher v. New York Central and Hudson River R. R., 229 Mass. 258 at 262. If the legislature intended that in service on a domestic corporation (G. L. chap. 223, secs. 37 and 38) it could be made on any employee of the corporation the specific mandate that it must be made on “the president, treasurer, clerk, cashier, secretary, agent or other officer in charge of the business” would never have been inserted in the act in that form. Insofar as the motion to dismiss is concerned the use of the description New England Freight Agent did not require a. conclusion that he was “agent or other officer in charge of its business.” Insofar as the answer in abatement is. concerned the evidence that the defendants maintained a passenger traffic office adjoining that occupied by the New England Freight agent would warrant the conclusion that the freight agent was not in charge of the business but had limited authority to act in matters relating only to freight shipments.
*453 Furthermore, as to the answer in abatement, no requests for rulings of law were presented and the correctness of the action of the trial judge is not now open to review. Reid v. Doherty, 273 Mass. 388.
It is therefore ordered; as to the answer in abatement— report dismissed; as to the motion to dismiss — the entry, “motion to dismiss, denied,” is vacated and the entry shall be “motion to dismiss, allowed.”